**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR BETTERIDGE, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-6521 |
| v. | : | |
| GENUARDI'S FAMILY MARKETS, L.P. AND SAFEWAY, INC., CENTRO PROPERTIES GROUP, SNOW BUTTLERS, LLC, JOHN DOES #1-5 (fictitious names of individuals, sole proprietorships, partnerships, corporations or any other entities that maintained and or repaired the subject premises), and JOHN DOES #1-6 (fictitious names of the owners of the property where plaintiff slipped and fell); jointly, severally, or in the alternative, Defendants. | : | **OPINION** |

This matter comes before the Court on Defendant Newtown Village Plaza Associates, L.P. i/p/a/ Centro Properties Group's ("Newtown") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). At issue is Defendant's assertion that Plaintiff's amended complaint against Newtown is barred by the applicable two-year statute of limitations. The Court has reviewed the written submissions of the parties and oral arguments were held on October 24, 2011. For the reasons stated below, Defendant's motion will be granted.[1]

---

[1] This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

1

**Factual Background**

This action arises out of Plaintiff's alleged slip and fall on an ice-covered loading ramp at a supermarket in Newtown, Pennsylvania. At the time of his alleged injury, Plaintiff, Arthur Betteridge ("Betteridge"), worked for and made deliveries on behalf of Frito-Lay. On the morning of January 10, 2009, Plaintiff made a delivery to the Genuardi's grocery store located at 2890 South Eagle Road in Newtown, PA. At that time, the property was owned by Newtown Village Plaza Associates, L.P. ("Newtown"), named in this action as Centro Properties Group. According to Plaintiff's Complaint,[2] Plaintiff was pushing his cart up a loading ramp when another delivery person ran past him, forcing Plaintiff to stop in the middle of the ramp. Plaintiff then attempted to resume pushing his now stationary cart up the ramp but fell on ice that had formed on the ramp. Immediately after the fall, Plaintiff felt pain in his upper arm and shoulder region. He suffered a torn rotator cuff and torn bicep muscle and required extensive surgery. Plaintiff alleges that he has been disabled from the performance of "usual activities" and that he will continue to require medical treatment, experience pain and suffering, and remain disabled in the future.

**Procedural History**

Plaintiff filed the original complaint in this matter against Genuardi's Family Markets, L.P. and Safeway, Inc., ("Safeway") and fictitiously named John Doe defendants on December 15, 2010, alleging negligence. On February 8, 2011, Defendant

---

[2] In the time since his initial complaint, Plaintiff has filed two amended complaints in this action. [Docket ## 13 and 43.] The facts relating to Plaintiff's injury remain consistent in each complaint.

2

Safeway filed a Third-Party Complaint against Defendant/Third-Party Defendant Newtown. [Docket # 5.] Plaintiff filed an amended complaint ("First Amended Complaint") on February 25, 2011, naming for the first time Newtown as a Defendant. [Docket # 13.] On April 22, 2011, Newtown filed the present Motion to Dismiss pursuant to Rule 12(b)(6). [Docket # 32.] Newtown argues that Plaintiff's claims against it are barred by New Jersey's two-year statute of limitations on personal injury claims, N.J.S.A. 2A:14-2. At issue is whether Plaintiff's First Amended Complaint is covered by the "discovery rule" and thereby shielded from preclusion under the statute of limitations.[3]

## Discussion

### I. Standard of Review Under Rule 12(b)(6)

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[4] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808,

---

[3] On May 24, 2011, during the period in which the parties exchanged Opposition and Reply Briefs as to the present Motion, Plaintiff filed a Second Amended Complaint adding Snow Butlers, LLC, as a defendant and repeated the allegations against the previously named Defendants. As the Court now dismisses the First Amended Complaint as against Newtown, Plaintiff's Second Amended Complaint–in as much as it repeats the claims and allegations against Newtown–also will be dismissed as to Newtown for the reasons stated herein.

[4] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation

812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[5] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal

---

marks and citations omitted) (emphasis deleted).

[5]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" Id.

4

conclusions' in a complaint when deciding a motion to dismiss.")).  Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Statute of Limitations

Newtown asserts that Plaintiff's action against it is barred by New Jersey's two-year statute of limitations because Plaintiff first named Newtown as a defendant in his First Amended Complaint on February 25, 2011, which was more than two years after the date of his injury, December 9, 2009. Plaintiff argues that New Jersey's "discovery rule" should apply to his claims, thereby tolling the statute of limitations until such time as Plaintiff became aware of an actionable claim against Newtown. According to

Plaintiff, he remained unaware that Newtown also may be responsible for his injuries until Safeway filed its Third-Party Complaint against Newtown on February 8, 2011. Because the discovery rule is unavailable to Plaintiff in the circumstances presented, Plaintiff's claims against Newtown will be dismissed.

A. The Discovery Rule

In New Jersey, personal injury claims are governed by a two-year statute of limitations. N.J.S.A. 2A:14-2. In certain cases, however, in order "to avoid harsh results that otherwise would flow from mechanical application of a statute of limitations," New Jersey courts may toll the statute of limitations under the discovery rule. Caravaggio v. D'Agostini, 765 A.2d 182, 186 (N.J. 2001) (citing Vispisiano v. Ashland Chemical Co., 527 A.2d 66, 71 (N.J. 1987). Where the rule applies, "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Sawyer, 300 A.2d 563, 565 (N.J. 1973).

Although the discovery rule does not require "knowledge of a specific basis for legal liability or a provable cause of action," it does require "knowledge not only of the injury but also that another is at fault." Guichardo v. Rubinfeld, 826 A.2d 700, 704 (N.J. 2003) (citing Martinez v. Cooper Hosp.-Univ. Med. Ctr., 747 A.2d 266, 270 (N.J. 2000)). In applying the rule, plaintiffs are divided into two classes: (1) those who do not know that they have been injured, and (2) those who know they have suffered an injury but do not know that it is attributable to the fault of another. Caravaggio, 765 A.2d at 187. The New Jersey Supreme Court has further described the second category to include actions brought by plaintiffs who "know[ ] [they have] been injured and [that]

6

the injury was the fault of another, but do[ ] not know that a third party was also responsible for [their] plight." Guichardo, 826 A.2d at 704 (citation omitted)(alterations in original). "[W]hen a plaintiff knows of an injury, and knows that it is the fault of another, but is reasonably unaware that a third party may also be responsible, the accrual clock does not begin ticking against the third party until the plaintiff has evidence that reveals his or her possible complicity." Caravaggio, 765 A.2d at 189.

In a discovery rule case, the question is "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another." Id. at 187. The standard is basically an objective one-whether plaintiff "knew or should have known" of sufficient facts to start the statute of limitations running. Id. Plaintiff must explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period in order to justify the tolling of the statute of limitations. Phillips v. Gelpke, 921 A.2d 1067, 1076 (N.J. 2007) (citations omitted).

Plaintiff contends that his "claim against defendant [Newtown] is not time-barred because [he] had no reason to suspect anyone other than defendant Safeway/Genuardi's was responsible for his fall and [he] acted with reasonable due diligence." Pl.'s Br. at 9. In support of this argument, Plaintiff points out that upon departing the store after reporting his fall, Plaintiff observed bags of salt inside the store, some opened and some closed, and fresh salt spread along the ramp where he fell. Id. at 6. Plaintiff argues that this observation demonstrated to him that Safeway "had present control and responsibility for salting the area where he fell" and "that they also had done so in the past." Id. During oral argument, Plaintiff's counsel also stated that in Plaintiff's past

experience making deliveries to this store, he had observed employees of the grocery store salting the area. Because of this, Plaintiff contends, there was no indication that the responsibility for salting the ramp fell on anyone but the store. Counsel also argued that Plaintiff could not reasonably be expected to know of Newtown's possible liability when Newtown itself states that it is not liable. Plaintiff further argues that in four separate letters to Safeway and three separate telephone calls to its insurance company, there was no information given to Plaintiff that anyone else may have been responsible. Pl.'s Br. at 9.

Plaintiff's arguments are unpersuasive. Plaintiff's statement that he had no reason to suspect that Newtown or anyone else other than Safeway was at fault for his injuries is in conflict with Plaintiff's own complaint. In addition to Safeway, Plaintiff named as defendants, as fictitiously named "John Does # 6-10," the owners of the property where Plaintiff fell. In Count Three of Plaintiff's Original Complaint, Plaintiff alleges that his injuries "proximately resulted from the negligence of Defendant John Does #6-10;" i.e., Plaintiff alleges that his injuries were caused by the negligence of the owners of the property. (Original Compl. at Count Three, ¶ 5.) Thus, Plaintiff's present contention that he was unaware of the possible liability of Newtown–the owner of the property where he fell–is inconsistent with Plaintiff's already stated claim of liability against the owners of the property where he fell.

It may well be that Plaintiff was unaware that Newtown was the owner of the property.[6] Were that the case, however, it presents an issue distinct from whether or not

---

[6] The Court addresses this possibility briefly below.

Plaintiff knew or reasonably should have known of the possible fault of the property owner in a slip-and-fall case. Plaintiff argues that he did not know of Newtown's potential responsibility until Safeway filed its third-party complaint. As Plaintiff's counsel correctly stated at oral argument, plaintiffs have an obligation to sue only those potentially responsible for the damages alleged. Here, however, Plaintiff already attempted to sue Newtown by naming the property owner as a John Doe defendant and alleging causes of action against it. As the New Jersey Supreme Court has observed, "[t]he discovery rule is essentially a rule of equity." Lopez, 300 A.2d at 566. To allow Plaintiff to sue the property owner in the first instance and subsequently deny knowledge of the property owner's potential liability would not lead to an equitable result. As such, Plaintiff is not entitled to the protection of the discovery rule and his complaint against Newtown will be dismissed.

### B. New Jersey Fictitious Name Practice

Plaintiff does not argue that he should be entitled to proceed against Newtown by way of New Jersey fictitious name practice and did not seek to do so when he amended his complaint. As detailed above, however, Plaintiff did attempt to sue the property owner under a fictitious name in its initial Complaint. Given that Plaintiff's claims against the now-named property owner (Newtown) will be dismissed on statute of limitations grounds despite the recognition that Plaintiff sued the property owner, a brief discussion as to why fictitious name practice would not save Plaintiff's Amended Complaint is warranted.

Fictitious pleading practice in New Jersey is set forth in New Jersey Court Rule 4:26-4, which provides in relevant part:

9

> In any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the Complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

The rule's purpose is "'to protect a diligent plaintiff who is aware of a cause of action against a defendant but not the defendant's name, at the point at which the statute of limitations is about to run.'" Andreoli v. State Insulation Corp., A-2636-10, 2011 WL 4577646, at *4 (N.J. Super. App. Div. October 5, 2011) (citing Greczyn v. Colgate-Palmolive, 869 A.2d 866, 874 (N.J. 2005)). New Jersey courts have consistently held that the rule is available only to a party who acts diligently in identifying the defendant. Matynska v. Fried, 811 A.2d 456, 457 (N.J.,2002); Claypotch v. Heller, Inc., 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003); Mears v. Sandoz Pharmaceuticals, Inc., 693 A.2d 558, 563 (N.J. Super. App. Div. 1997). The identification of a defendant by a fictitious name may be used only if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint. Claypotch, 823 A.2d at 848.

Rule 4:26-4 is not available to Plaintiff in this case. First, Plaintiff amended his complaint to add Newtown as a party; Plaintiff did not move to amend to state the fictitiously named Defendants' true name. Plaintiff also did not follow the procedural requirements of R. 4:26-4 in that he did not submit an affidavit stating the manner in which he learned of Newtown's true name. See Andreoli, 2011 WL 4577646 at *5. More

importantly, however, Plaintiff did not act diligently to identify Newtown, which here was not a difficult task. See e.g., Holmes v. Kimco Realty Corp., 598 F.3d 115, 124 (3d Cir. 2010) ("The burden of identifying the owner of a multi-tenant property is not an onerous one and can be determined simply by examining public records"). During oral argument, counsel for Plaintiff conceded that identifying the owner of the property in this case "doesn't take any effort at all." Thus, Plaintiff's lack of diligence and noncompliance with the procedural requirements eliminate applicability of R. 4:26-4, even if Plaintiff were to pursue relief pursuant to it.

## **Conclusion**

For the reasons stated above, Newtown's motion will be granted. The appropriate orders shall issue.


Dated: October 31, 2011

                                                    ____/s/ Joseph H. Rodriguez_____
                                                    Hon. Joseph H. Rodriguez
                                                    United States District Judge